IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| F.H. CANN & ASSOCIATES, INC., SHERRI CANN, AND FRANK H. CANN, JR., Plaintiffs | § § § § § | |
| vs. | § § | Case No. 1:20-cv-11251 |
| TROY D. MOORMAN, Defendant | § § § § | |

## COMPLAINT

Plaintiffs F.H. Cann & Associates, Inc. ("FHC"), Sherri Cann, and Frank H. Cann, Jr. complain of Defendant Troy D. Moorman and would respectfully show the following:

### Parties

1. Plaintiff FHC is a Massachusetts corporation. Plaintiff's primary business is debt collection, and a substantial portion of its work pertains to delinquent student loans. Plaintiffs Sherri Cann, and Frank H. Cann, Jr. are officers and shareholders of FHC. Both are Massachusetts residents.

2. Defendant is a resident of the State of North Carolina (which he sometimes refers to as the "North Carolina Republic") who has attempted to impose a unilateral contract upon Plaintiffs through mailings directed to Plaintiffs in Massachusetts. Defendant also filed a false a fraudulent UCC-1 with the Massachusetts Secretary of the Commonwealth in which he claimed a $500,000 lien on the assets of the Plaintiffs. Defendant has directed his

fraudulent tortious, and criminal actions at Plaintiff in Massachusetts and his conduct has subjected him to longarm jurisdiction in Massachusetts pursuant to GL ch. 223A, § 3.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Plaintiffs seek declaratory relief arising under the Federal Copyright Act, Title 17 of the United States Code. The parties are citizens of different states (Massachusetts and North Carolina), and the amount in controversy is in excess of $75,000, both because the declaratory relief pertains to $500,000 in controversy and because Plaintiffs seek actual and punitive damages exceeding $75,000.

4. Venue is proper in this district because the fraudulent and unlawful acts of Defendant were directed at Plaintiffs in this district, and the fraudulent UCC-1 filing occurred in this district.

## Facts:

5. Plaintiff FHC was engaged by the U.S. Department of Education to collect Defendant's past due student loan debt. This suit arises from those efforts; however, Plaintiffs do not seek to recover Defendant's debt in this action.

6. On or about April 8, 2019, Defendant mailed to FHC a packet of documents, a true copy of which is Exhibit A to this Complaint, including an AFFIDAVIT OF TRUTH claiming falsely to have copyrighted and trademarked his name. The packet also contained a NOTICE BY WRITTEN COMMUNICATION / SECURITY AGREEMENT filled with nonsensical phrases and claims, but which

purported to create, unilaterally, a security interest in all of FHC's assets. That document contains a forged (albeit typed) signature for FHC. The purpose of Exhibit A was to try to create a fraudulent lien to secure claims for purported violations of Defendant's nonexistent copyright.

7. Defendant followed Exhibit A with an INVOICE, a true copy of which is Exhibit B to this Complaint. That document cited to Exhibit A and purported to bill FHC for the sum of $500,000 for using Defendant's name in a letter to him, which he claimed violated his nonexistent copyright.

8. On or about July 7, 2019, Defendant filed a fraudulent UCC-1 with the Secretary of The Commonwealth, a true copy of which is Exhibit C to this Complaint. That document purported to place a $500,000 lien on the home of Plaintiffs Sherri Cann and Frank H. Cann, Jr. to secure the fraudulent claim for violation of Defendant's nonexistent copyright.

9. Defendant subsequently sent a second INVOICE, a true copy of which is Exhibit D to this Complaint.

10. Plaintiffs demanded that Defendant release his fraudulent lien, but he has refused to do so.

11. Defendant's claim of a copyright in his name and to damages for violation of that alleged copyright is sheer nonsense. Although Defendant claims a common law copyright in his name, "the concept of common law copyright was preempted by the Copyright Act of 1976." *United States v. Ramirez*, 291 F. Supp. 2d 266, 269 (S.D.N.Y. 2003), citing 17 U.S.C. § 301(a); *Cmty for Creative Non-Violence v. Reid*, 490 U.S. 730, 740, 104 L. Ed. 2d 811, 109 S. Ct. 2166 (1989);

18 AM JUR. 2D Copyright and Literary Property § 2. A name is merely a fact, and facts are not copyrightable. *Feist Publns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

12. Defendant's conduct has been a proximate cause of actual damages to Plaintiffs in the amount of $500,000 each, as that is the amount of the lien that Defendant has placed on the assets of each of the Plaintiffs. Defendant's interference with Plaintiff FHC's lawful business activities by the conduct described above has consumed the time of salaried employees of Plaintiff. Plaintiff FHC has suffered a direct pecuniary loss by having to pay its employees to deal with Defendant's fraudulent mailings.

13. Plaintiffs have therefore suffered a concrete, particularized, injury-in-fact that is directly attributable to Defendant's actions.

### First Claim for Relief – Declaratory Relief

14. Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a declaratory judgment declaring that:

    a. Defendant has no copyright or trademark in his name;

    b. Defendant's purported $500,000 contract is void and unenforceable;

    c. Defendant's purported $500,000 lien upon Plaintiffs' assets is void and unenforceable;

    d. any UCC-1 Financing Statements filed by Defendant with regard to Plaintiffs are void and unenforceable;

    e. Plaintiff's mailings, as evidenced by Exhibits A – D, are void and of no legal effect.

15. Pursuant to 28 U.S.C. § 2201, Plaintiffs also seek a declaratory judgment declaring that Defendant cannot claim any common law or statutory copyright on his name.

16. Pursuant to 28 U.S.C. § 2201, Plaintiffs also seek a declaratory judgment declaring that Defendant's use of the U.S. mail to send his fraudulent mailings to Plaintiffs and the Secretary of the Commonwealth were acts of mail fraud as defined in 18 U.S.C. § 1341.

### Second Claim for Relief – Injunctive Relief

17. Upon trial of this case Plaintiffs seek a permanent injunction:

    a. enjoining Defendant from claiming any form of copyright in his name;

    b. enjoining Defendant from claiming any form of trademark in his name;

    c. enjoining Defendant from continued use of mailings in the form of Exhibits A – D;

    d. enjoining Defendant from attempting to create implied contracts through use of the U.S. Mail; and

    e. enjoining Defendant to prohibit him from filing any more UCC-1 financing statements pertaining to Plaintiffs and mandating that he release every UCC-1 that he has filed.

### Third Claim for Relief – Claim to Quiet Title

5

18. Plaintiffs Sherri Cann and Frank H. Cann, Jr. also seek quiet title as to the real property on which Defendant has asserted his fraudulent lien. They therefore seek as decree to the effect that Defendant has no lien or security interest in "SINGLE FAMILY PROPERTY LOCATED AT: 131 DRUID HILL AVE. METHEUN (sic), MA 01 844-7410, PROPERTY ACCOUNT NUMBER 15810, PARCEL ID 810-77E-4W", which is also known as "SINGLE FAMILY PROPERTY LOCATED AT: 131 DRUID HILL AVE. METHUEN, MA 01 844-7410, PROPERTY ACCOUNT NUMBER 15810, PARCEL ID 810-77E-4W".

### Fourth Claim for Relief – Conversion/Trespass to Chattel

19. Plaintiff FHC asserts that Defendant has exercised dominion and control over its assets by asserting his fraudulent lien. Such wrongful conduct constitutes conversion or, in the alternative, trespass to chattel, which has been a proximate cause of damages to FHC in the amount of the wrongful $500,000 lien.

20. Such conduct was committed with actual malice, as evidenced by Defendant's entire course of conduct.

21. Plaintiff FHC seeks its actual damages resulting from Defendant's conduct. Plaintiff FHC also seeks punitive damages as a result of Defendant's willful and malicious conduct.

### Demand for Relief

Plaintiffs request that they be granted judgment against Defendant for declaratory and injunctive relief as set forth above, actual damages, punitive

damages, and all such other and further relief, at law or in equity, as to which they may be justly entitled.

## Jury Demand

Plaintiffs request a trial by jury on all claims so triable.

Respectfully submitted,

/s/ <u>Manuel H. Newburger</u>
Manuel H. Newburger
BBO Reg. 705706
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 659-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

/s/ <u>Joshua M. D. Segal</u>
Joshua M. D. Segal
BBO Reg. No. 678367
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
Telephone: (617) 439-4990
Fax: (617) 439-3987
jsegal@lawson-weitzen.com

ATTORNEYS FOR PLAINTIFFS